MARK W. WALLIN (SBN 331915)
  mwallin@btlaw.com
MICHAEL WITCZAK (SBN 329960)
  michael.witczak@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:   (310) 284-3880
Facsimile:   (310) 284-3894

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHASE TURNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CH ROBINSON COMPANY, INC., a Minnesota Corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 8:25-cv-01617<br><br>**DEFENDANT'S PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 [DIVERSITY JURISDICTION]**<br><br>[*Filed Concurrently with Civil Cover Sheet, Certificate of Interested Parties, and Declaration of Lindsay Vigeant*]<br><br>Complaint Filed: March 18, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant C.H. Robinson Company, Inc. ("Defendant") petitions the Court to remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Defendant makes this petition on the grounds that complete diversity of citizenship exists between Plaintiff Chase Turner ("Plaintiff"), a citizen of California, and Defendant C.H. Robinson Company, Inc., a citizen of Minnesota. Further, the amount in controversy exceeds $75,000.[1]

## I.  THE STATE COURT ACTION

1.    On March 18, 2024, Plaintiff filed an action against Defendant entitled *"Chase Turner, an individual, Plaintiff, v. CH Robinson Company, Inc, a Minnesota corporation; and Adam Kotewa, and individual, and Does 1-20, inclusive, Defendants"* in Orange County Superior Court, Case Number 30-2024-01387308.

2.    On March 22. 2024, Plaintiff served Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Package. True and correct copies of these documents are attached as **Exhibit A**.  Defendants C.H. Robinson Company, Inc. and Adam Kotewa Answered Plaintiff's Complaint on April 19, 2024. A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

3.    On May 19, 2024, Defendants filed a Motion for Summary Judgement or, in the alternative, Summary Adjudication. In part, Defendant's Motion argued there is no factual basis supporting Plaintiff's claims against individual Defendant Adam Kotewa.

---

[1] Unless expressly stated otherwise, all facts alleged in this Petition and Notice of Removal are true now and were true when Plaintiff filed the Complaint.

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

4.      On July 21, 2025, the day before Plaintiff contends he was obligated to oppose Defendants' Motion for Summary Judgment[2], Plaintiff filed a joint stipulation dismissing Defendant Adam Kotewa with prejudice. The Court granted the stipulation on July 22, 2025. A true and correct copy of the Joint Stipulation and the Court's Order dismissing Defendant Adam Kotewa is attached as **Exhibit C**.

## II.      REMOVAL IS TIMELY

5.      "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446 (b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.A. § 1446 (c).

6.      Here, complete diversity exists between Plaintiff Chase Turner and Defendant C.H. Robinson. Former individual Defendant Adam Kotewa is a California resident, and his inclusion in the case is the sole reason the instant matter could not be removed sooner. Based upon Plaintiff's failure to sincerely prosecute his purported claims against Adam Kotewa, Plaintiff's offer to dismiss Adam Kotewa from the action one year after the Complaint was filed but shortly before Plaintiff would be obligated to justify Adam Kotewa's inclusion in the case when opposing Defendants' Motion for Summary Judgment, Plaintiff's stated disinterest in actually litigating against an individual defendant, and the litigation history of the instant case demonstrate

---

[2] The Parties dispute the proper deadline by which Plaintiff was obligated to oppose Defendants' Motion for Summary Judgment, but Plaintiff has made it clear he believes the proper deadline by which he was required to file his Opposition was July 22, 2025.

Defendant Adam Kotewa was named in the Complaint solely to prevent removal, and, therefore, removal is timely pursuant to 28 U.S.C.A. § 1446(c).

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

### A. Plaintiff Is a Citizen of California.

7. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8. Plaintiff is, and at all times relevant to this action was, a citizen of California with his principal place of residence in California. *See* Compl., ¶ 1 ("Plaintiff CHASE TURNER is now, and was at the time of the filing of this Complaint, a resident of Los Angeles, State of California."); *see also Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991 (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed). Therefore, Plaintiff is a citizen of California.

### B. Defendant is a Citizen of Minnesota.

9. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

10. Defendant is a corporation formed under the laws of Minnesota. (Declaration of Lindsay Vigent Declaration, ¶ 2.)

DEFENDANT'S PETITION AND NOTICE OF REMOVAL

11. Defendant's principal place of business, from where the majority of the company's officers direct, control, and coordinate the corporation's activities, is in Minnesota. (Vigeant Declaration, ¶ 2.)

12. Therefore, Defendant is a citizen of Minnesota.

13. Because Plaintiff is a citizen of California, and Defendant is a citizen of Minnesota, complete diversity among the parties exists.[3]

**IV. THE JURISDICTIONAL MINIMUM IS SATISFIED**

14. This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[4]

15. As an initial matter, Defendant is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the Complaint and removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

16. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . ." 28 U.S.C.A. § 1446 (c)(2).

17. Here, Plaintiff's Complaint demands more than $200,000 in damages. Prayer, ¶1-8. Accordingly, there is greater than $75,000 in controversy.

---

[3] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

[4] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his causes of action.

## V.    THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

18.    In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

19.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

20.    In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibits A**, **C, and D,** which are copies of all process, pleadings, and orders served on Defendant. Moreover, this Notice of Removal is also accompanied by **Exhibit B** which is a copy of Defendants' Answer to the Complaint.

21.    In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via counsel and will file a copy of that Notice with the Orange County Superior Court.

## IV.    CONCLUSION

23.    Because jurisdiction is proper under 28 U.S.C. section 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

24.    If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

Dated: July 24, 2025                    **BARNES & THORNBURG LLP**


By: _/s/ Mark W. Wallin_
    Mark W. Wallin
    Michael P. Witczak
    Attorneys for Defendant
    C.H. ROBINSON COMPANY, INC.

DEFENDANT'S PETITION AND NOTICE OF REMOVAL