# EXHIBIT D

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | |
|---|---|
| NAME: DAVID A. TASHROUDIAN [SBN 266718]/ MONA TASHROUDIAN [SBN 272387] | |

STATE BAR NUMBER:

FIRM NAME: TASHROUDIAN LAW GROUP, APC
STREET ADDRESS: 12400 Ventura Blvd., Ste. 300
CITY: Studio City        STATE: CA        ZIP CODE: 91604
TELEPHONE NO.: (818) 561-7381      FAX NO.:
EMAIL ADDRESS: mona@tashlawgroup.com
ATTORNEY FOR (name): PLAINTIFF CHASE TURNER

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Chase Turner

DEFENDANT/RESPONDENT: CH Robinson Company, Inc.; Adam Kotewa

**CASE MANAGEMENT STATEMENT**

(Check one):  [x] **UNLIMITED CASE**
(Amount demanded exceeds $35,000)

[ ] **LIMITED CASE**
(Amount demanded is $35,000 or less)

CASE NUMBER:
30-2024-01387308-CU-OE-CJC

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: September 16, 2024      Time: 9:00 a.m.      Dept.: C28      Div.:      Room:

Address of court (if different from the address above):

[x]   **Notice of Intent to Appear by Telephone, by** *(name):* David Tashroudian; Mona Tashroudian

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*

   a. [x] This statement is submitted by party *(name):* Plaintiff Chase Turner

   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*

   a. The complaint was filed on *(date):*   March 18, 2024

   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*

   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.

   b. [ ] The following parties named in the complaint or cross-complaint

      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**

   a. Type of case in  [x] complaint      [ ] cross-complaint      *(Describe, including causes of action):*

   Plaintiff Turner alleges defendants failed to pay wages, minimum wage, provide accurate wage statements; engaged in unfair competition.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

| PLAINTIFF/PETITIONER: | CM-110 |
|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief)*:

Plaintiff Turner alleges defendants failed to pay wages, minimum wage, provide accurate wage statements; engaged in unfair competition.   Plaintiff alleges he is entitled to damages and penalties as a result of Defendants' failures, in an amount to be proven at trial

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial)*:

6.  **Trial date**

a.  ☐  The trial has been set for *(date)*:

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☒  days *(specify number)*:  5-7 days

b.  ☐  hours (short causes) *(specify)*:

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:

e.  Email address:

f.  Fax number:

g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section)*:

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has   ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110 [Rev. January 1, 2024]        **CASE MANAGEMENT STATEMENT**        Page 2 of 5

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [ ] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

| PLAINTIFF/PETITIONER: | **CM-110** |
|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

## 11. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

## 13. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

## 14. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

## 15. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

## 16. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Per Code |
| Plaintiff | Oral Discovery | Per Code |
| Plaintiff | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CM-110<br>CASE NUMBER: |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 3, 2024

Mona Tashroudian
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## <u>PROOF OF SERVICE</u>

At the time of service I was over 18 years of age and not a party to this action.  My business address is 12400 Ventura Blvd., Ste. 300, Studio City, CA 91604

On September 3, 2024, I served the following documents on the persons listed below, as follows:

**PLAINTIFF CHASE TURNER'S CASE MANAGEMENT CONFERENCE STATEMENT**

**SEE ATTACHED LIST**

☐ **By United States mail:**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, CA.

☐ **By overnight delivery:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ **By E-mail transmission:**  the document was served via Email transmission to the Email accounts listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 3, 2024, at Studio City, CA.

Mona Tashroudian

1                                                                      PROOF OF SERVICE

**SERVICE LIST**
*Chase Turner v. CH Robinson Company, Inc.; Adam Kotewa*
Civil Action No. 30-2024-01387308-CU-OE-CJC

Mark Wallin, Esq.                     Attorneys for Defendants
Michael Witczak, Esq.                 CH Robinson Company, Inc., Adam Kotewa
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
(310) 284-3880
mwallin@btlaw.com
Michael.witczak@btlaw.com

2                                                              PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/16/2024                TIME: 09:00:00 AM        DEPT:  C28

JUDICIAL OFFICER PRESIDING: Thomas S McConville
CLERK: B. Sadorra
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: W. Pyo

CASE NO: **30-2024-01387308-CU-OE-CJC**    CASE INIT.DATE: 03/18/2024
CASE TITLE: **Turner vs. CH Robinson Company, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 74254647
**EVENT TYPE:** Case Management Conference
MOVING PARTY: Chase Turner
CAUSAL DOCUMENT/DATE FILED: Complaint, 03/18/2024

**APPEARANCES**
Mona Tashroudian, from Tashroudian Law Group, APC, present for Plaintiff(s) remotely.
Michael Witczak, from Barnes & Thornburg LLP, present for Defendant(s) remotely.

Hearing held, all participants appearing remotely.

Appearances as noted above.

***The Jury Trial is scheduled for 09/08/2025 at 09:30 AM in Department C28.***

The estimated length of trial: 5 to 7 days.

The Court orders all parties to comply with the court's standing orders, especially Orange County Local Rule 317.

Jury Fees are to be posted on or before 06/01/2025.  Failure to post jury fees could result in a waiver of a jury trial.

***The Mandatory Settlement Conference is scheduled for 08/08/2025 at 08:30 AM in Department C28.***

Pursuant to CRC 3.1380(c), parties are ordered to file their settlement conference statement, no later than five court days before the Mandatory Settlement Conference (MSC).  Failure to do so will result, in the MSC being ordered vacated.

Parties waive notice.

DATE: 09/16/2024                                                          Page 1
DEPT:  C28                          MINUTE ORDER
                                                                         Calendar No.

Electronically Filed by Superior Court of California, County of Orange, 12/04/2024 08:43:00 AM.
30-2024-01387308-CU-OE-CJC - ROA # 21 - DAVID H. YAMASAKI, Clerk of the Court By K. Macias, Deputy Clerk.

David A. Tashroudian, Esq. [SBN 266718]
Mona Tashroudian, Esq.    [SBN 272387]
**TASHROUDIAN LAW GROUP, APC**
12400 Ventura Blvd., Ste. 300
Studio City, CA 91604
Telephone:   (818) 561-7381
Facsimile:    (818) 561-7381
Email:        david@tashlawgroup.com
              mona@tashlawgroup.com

Attorneys for PLAINTIFF Chase Turner

## IN THE SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CHASE TURNER, an individual <br><br> PLAINTIFF <br><br> v. <br><br> CH ROBINSON COMPANY, INC., a Minnesota Corporation; ADAM KOTEWA, an individual; and DOES 1 to 20, inclusive, <br><br> DEFENDANTS | Case No. 30-2024-01387308-CU-OE-CJC <br><br> **PLAINTIFF CHASE TURNER'S NOTICE OF POSTING JURY FEES** <br><br> **JURY TRIAL DEMANDED** <br> Action Filed: March 18, 2024 |

/ / /

**TO THE COURT, AND ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Chase Turner ("Plaintiff") hereby submits a jury fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of Civil Procedure Section 631(b).

Dated: December 4, 2024                    TASHROUDIAN LAW GROUP, APC

By: _____
David A. Tashroudian
Mona Tashroudian
Attorneys for Plaintiff
Chase Turner

-1-

NOTICE OF POSTING JURY FEES

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action.  My business address is 12400 Ventura Blvd., Ste. 300, Studio City, CA 91604

On December 4, 2024, I served the following documents on the persons listed below, as follows:

**PLAINTIFF CHASE TURNER'S NOTICE OF POSTING JURY FEES**

**SEE ATTACHED LIST**

☐  **By United States mail:**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, CA.

☐  **By overnight delivery:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐  **By messenger service:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒  **By E-mail transmission:**  the document was served via Email transmission to the Email accounts listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on December 4, 2024, at Studio City, CA.

_____

Mona Tashroudian

-2-

NOTICE OF POSTING JURY FEES

**SERVICE LIST**
*Chase Turner v. CH Robinson Company, Inc.; Adam Kotewa*
Civil Action No. 30-2024-01387308-CU-OE-CJC

Mark Wallin, Esq.                                  Attorneys for Defendants
Michael Witczak, Esq.                              CH Robinson Company, Inc., Adam Kotewa
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
(310) 284-3880
mwallin@btlaw.com
Michael.witczak@btlaw.com

David A. Tashroudian, Esq. [SBN 266718]
Mona Tashroudian, Esq.    [SBN 272387]
**TASHROUDIAN LAW GROUP, APC**
12400 Ventura Blvd., Ste. 300
Studio City, CA 91604
Telephone:    (818) 561-7381
Facsimile:    (818) 561-7381
Email:        david@tashlawgroup.com
              mona@tashlawgroup.com

Attorneys for PLAINTIFF Chase Turner

**IN THE SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| CHASE TURNER, an individual<br><br>                    PLAINTIFF<br><br>        v.<br><br>CH ROBINSON COMPANY, INC., a Minnesota Corporation; ADAM KOTEWA, an individual; and DOES 1 to 20, inclusive,<br><br>                    DEFENDANTS | Case No. 30-2024-01387308-CU-OE-CJC<br>Hon. Thomas McConville [Dept. 28]<br><br>**PLAINTIFF CHASE TURNER'S OPPOSITION TO *EX PARTE* APPLICATION; DECLARATION OF DAVID A. TASHROUDIAN IN SUPPORT**<br><br><u>Hearing</u><br>Date:    May 19, 2025<br>Time:    1:30 p.m.<br>Dept.:    C28<br><br>Complaint Filed: March 18, 2024<br>Trial Date: September 8, 2025 |

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      **INTRODUCTION**

Defendants CH Robinson Company, Inc., and Adam Kotewa (together, "Defendants") have failed to make the requisite showing to support their *ex parte* application to continue trial in this matter.  The Defendants have not engaged in meaningful discovery prior to their summary judgment filing deadline and now misrepresent the status of the case to allow them respite from their dilatory conduct.  To be certain, the Defendants have not propounded a single discovery request until April 16, 2025 – only 33 days before their summary judgment filing deadline.  Now, they seek an extension of time from the Court to file their motion but the Court should not entertain their request because their own conduct cannot provide the necessary good cause to support this *ex parte* application.  And there is no irreparable harm because Defendants still have the ability to challenge Plaintiff's claims at trial.

II.      **FACTS**

On April 16, 2025, Defendants propounded their first set of inspection demands to the Plaintiff by electronic service.  [*See* Declaration of David A. Tashroudian ("Tashroudian Decl."), ¶ 2.]  Plaintiff's response is due on May 19, 2025.  [Id.]  Defendants did not serve any discovery requests prior to these inspection demands.  [Id.]

Also on April 16, 2025, Defendants unilaterally noticed Plaintiff's deposition for May 16, 2025.  [Tashroudian Decl., ¶ 3.]   On April 17, 2025, counsel for Plaintiff wrote to counsel for Defendants indicating that Plaintiff was not available on May 16 and offered instead to produce Plaintiff on either May 21 or May 22.  [Id.]  Defendants' counsel did not respond regarding the alternate dates so Plaintiff's counsel followed-up on April 29, 2025 to set the deposition date.  [Id.]  Counsel for the parties thereafter met and conferred and agreed on May 22, 2025 for Plaintiff's deposition. [Id.]

///

///

///

///

-1-

**III.     ARGUMENT**

"A court will not grant ex parte relief 'in any but the plainest and most certain of cases.' " (People ex rel. Allstate Ins. Co. v. Suh (2019) 37 Cal.App.5th 253, 257.) Substantively, "[a]n applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." (Cal. Rules of Court, rule 3.1202(c).) "A trial court should deny an ex parte application absent the requisite showing." (People ex rel. Allstate Ins. Co., at p. 257, 249 Cal.Rptr.3d 500.)

The Defendants have not shown good cause or irreparable harm as required by the California Rules of Court to support the *ex parte* relief they seek in this application.  There is no good cause because the Defendants have created the inability to support to timely file their summary judgement motion.  And the Defendants have not shown that their inability to file a motion for summary judgment would cause irreparable harm.

A.     Failure to conduct discovery is not good cause for the granting of this application.

The Defendants have not propounded a single discovery request through the pendency of this litigation until April 16, 2025 – 30 days prior to the their summary judgment filing deadline. They failed to adequately marshal evidence to support their summary judgment motion.  It was their conduct that created their inability to file the motion and there is not good cause to support this application as a result.

Similarly, Defendants failed to notice the deposition of Plaintiff with sufficient time to marshal the oral discovery to support their summary judgment motion instance.  Plaintiff's deposition was originally noticed for this last Friday, May 16, 2025.  Defendants' summary judgment motion filing deadline is today – Monday, May 19, 2025.  Even if the Plaintiff was available for deposition on May 16, his testimony would be unavailable for a summary judgment filing on that following Monday.  The conduct of Defendants created the predicament they are in, and this Court should not find good cause accordingly.

///

///

B.    <u>Defendants have not shown irreparable harm.</u>

The Defendants must show irreparable harm to support their *ex parte* application. Defendants have not and cannot make that showing. Defendants will not be irreparable harmed by the failure to file a motion for summary judgment. They will still be able to attack Plaintiff's claims and prove their defenses to the same extent at trial. The ability to file a motion for summary judgment is a convenience and not a right. Litigants who fail to file a summary judgment motion losing nothing by doing so. Same with Defendants. There is no irreparable harm if this application is denied.

## IV.    <u>CONCLUSION</u>

Defendants have failed to meet their burden to justify ex parte relief. Their lack of diligence in conducting discovery and preparing their case does not constitute good cause, nor does it give rise to irreparable harm. The consequences they face are the result of their own delay and tactical decisions, not circumstances beyond their control. Because Defendants still retain the opportunity to challenge Plaintiff's claims at trial, there is no irreparable harm in denying their request. For these reasons, Plaintiff respectfully requests that the Court deny Defendants' ex parte application in its entirety.

Respectfully submitted,

Dated: May 18, 2025                TASHROUDIAN LAW GROUP, APC

By: _____
David A. Tashroudian
Mona Tashroudian
Attorneys for Plaintiff
Chase Turner

-3-

## <u>DECLARATION FOR ADDITIONAL DISCOVERY</u>

I, David Tashroudian declare:

1.  I am presently the attorney for Chaser Turner the Plaintiff in this action.  I make this declaration in support of Plaintiff's opposition to Defendants' *ex parte* application to continue trial and related dates.  I make this declaration based on facts know to me personally to be true and if called as a witness to testify to these facts, I could and would do so.

2.  On April 16, 2025, Defendants propounded their first set of inspection demands to the Plaintiff by electronic service.  Plaintiff's response is due on May 19, 2025.  Defendants did not serve any discovery requests prior to these inspection demands.

3.  Also on April 16, 2025, Defendants unilaterally noticed Plaintiff's deposition for May 16, 2025.  Defendants' counsel did not ask me if Plaintiff was available for deposition on May 16, 2025 prior to  serving their notice.  On April 17, 2025, I wrote to counsel for Defendants indicating that Plaintiff was not available on May 16 and offered instead to produce Plaintiff on either May 21 or May 22 – three to four business days after the noticed date. Defendants' counsel did not respond to my April 17 correspondence regarding the alternate dates so I followed-up with counsel by email on April 29, 2025 to set the deposition date.  I spoke with counsel for the Defendants by phone a few days thereafter  and we met and conferred and agreed on May 22, 2025 for Plaintiff's deposition.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on May 18, 2025 at Los Angeles, CA.

_____
David A. Tashroudian

-4-

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action.  My business address is 12400 Ventura Blvd., Ste. 300, Studio City, CA 91604

On May 18, 2025, I served the following documents on the persons listed below, as follows:

**PLAINTIFF CHASE TURNER'S OPPOSITION TO *EX PARTE* APPLICATION; DECLARATION OF DAVID A. TASHROUDIAN IN SUPPORT**

### SEE ATTACHED LIST

☐ **By United States mail:**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, CA.

☐ **By overnight delivery:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ **By E-mail transmission:**  the document was served via Email transmission to the Email accounts listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 18, 2025, at Studio City, CA.

_____
David Tashroudian

-5-

**SERVICE LIST**
*Chase Turner v. CH Robinson Company, Inc.; Adam Kotewa*
Civil Action No. 30-2024-01387308-CU-OE-CJC

Mark Wallin, Esq.                              Attorneys for Defendants
Michael Witczak, Esq.                          CH Robinson Company, Inc., Adam Kotewa
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
(310) 284-3880
mwallin@btlaw.com
Michael.witczak@btlaw.com

OPPOSITION TO *EX PARTE* APPLICATION

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Turner vs. CH Robinson Company, Inc.

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>**30-2024-01387308-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 05/19/25, was transmitted electronically by an Orange County Superior Court email server on May 19, 2025, at 10:23:12 AM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

BARNES & THORNBURG LLP
MICHAEL.WITCZAK@BTLAW.COM

BARNES & THORNBURG LLP
MWALLIN@BTLAW.COM

TASHROUDIAN LAW GROUP, APC
DAVID@TASHLAWGROUP.COM

TASHROUDIAN LAW GROUP, APC
MONA@TASHLAWGROUP.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**V3 1013a (June 2004)**                                     Code of Civ. Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/19/2025

TIME: 10:16:00 AM        DEPT: C28

JUDICIAL OFFICER PRESIDING: Thomas S McConville
CLERK: B. Sadorra
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2024-01387308-CU-OE-CJC**    CASE INIT.DATE: 03/18/2024
CASE TITLE: **Turner vs. CH Robinson Company, Inc.**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 74567669
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

Ex-Parte application for an order continuing trial date and all related deadlines is requested by Defendants, CH Robinson Company, Inc. and Adam Kotewa.

The Court having reviewed the ex parte application and opposition thereto, advances the ex parte application and rules as follows:

Defendants CH Robinson Company, Inc. and Adam Kotewa's ex parte application for an order continuing trial and all related deadlines is denied.

A court will not grant ex parte relief in any but the plainest and most certain of cases.  People ex rel. Allstate Ins. Co. v. Suh (2019) 37 Cal.App.5th 253, 257 (citation and quotation omitted).  Substantively, an applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or other statutory basis for granting relief ex parte.  Newsom v. Superior Court (2020) 51 Cal.App.5th 1093, 1097 (citing Cal. R. Ct. 3.1202(c)).  A trial court should deny an ex parte application absent the requisite showing.  Newsom, 51 Cal.App.5th at 1097. For discovery issues, typically the court looks for whether the requesting party acted with diligence before filing the ex parte request.  Hernandez v. Superior Court (2004) 115 Cal. App. 4th 1242, 1246.

The declaration submitted in support of the ex parte does not make an affirmative factual showing of irreparable harm, immediate danger, or other statutory basis for granting relief ex parte.  Defendants have also not demonstrated sufficient diligence in pursuing the referenced discovery.

The Ex Parte set for 05/19/2025 at 01:30 P.M. in Department C28 is vacated.

Court orders Clerk to give notice.

DATE: 05/19/2025                     MINUTE ORDER                     Page 1
DEPT: C28                                                   Calendar No.

David A. Tashroudian, Esq. [SBN 266718]
Mona Tashroudian, Esq.     [SBN 272387]
**TASHROUDIAN LAW GROUP, APC**
12400 Ventura Blvd., Ste. 300
Studio City, CA 91604
Telephone:    (818) 561-7381
Facsimile:    (818) 561-7381
Email:        david@tashlawgroup.com
              mona@tashlawgroup.com

Attorneys for PLAINTIFF Chase Turner

**IN THE SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| CHASE TURNER, an individual<br><br>                    PLAINTIFF<br><br>            v.<br><br>CH ROBINSON COMPANY, INC., a Minnesota Corporation; ADAM KOTEWA, an individual; and DOES 1 to 20, inclusive,<br><br>                    DEFENDANTS | Case No. 30-2024-01387308-CU-OE-CJC<br>Hon. Thomas McConville [Dept. 28]<br><br>**PLAINTIFF CHASE TURNER'S OPPOSITION TO *EX PARTE* APPLICATION; DECLARATION OF DAVID A. TASHROUDIAN IN SUPPORT**<br><br><u>Hearing</u><br>Date:    May 29, 2025<br>Time:    1:30 p.m.<br>Dept.:    C28<br><br>Complaint Filed: March 18, 2024<br>Trial Date: September 8, 2025 |

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.      <u>INTRODUCTION</u>**

Plaintiff respectfully requests that the Court defer setting a hearing date on Defendants' motion for summary judgment until essential discovery is completed. Specifically, Plaintiff seeks to depose key witnesses – CH Robinson's person most qualified and three of Plaintiff's direct supervisors (including an individual defendant) – whose testimony is critical to opposing the motion. Despite timely and proper service of deposition notices for these witnesses on May 21 and 22, 2025, Defendants have failed to confirm their availability and, in fact, have indicated the witnesses will not appear as noticed.

This discovery is essential. The issues raised in Defendants' motion – namely, the legality of the claw-back of Plaintiff's earned commissions, Plaintiff's entitlement to overtime, and the individual liability of Defendant Adam Kotewa – cannot be fully and fairly adjudicated without first allowing Plaintiff to complete this targeted discovery. Defendants only recently produced, after months of delay, over 1,700 pages of documents detailing the calculations of Plaintiff's commissions, including $95,491.97 in claw-backs. The depositions are directly aimed at understanding and contextualizing these records, and at establishing the factual basis necessary to oppose summary judgment under <u>Code of Civil Procedure</u> section 437c(h).

Accordingly, Plaintiff asks this Court to withhold setting a hearing date for Defendants' motion until these critical depositions have been taken and transcripts are available. Doing so will ensure that Plaintiff is not deprived of a fair opportunity to oppose the motion on the merits.

**II.     <u>FACTS</u>**

Plaintiff filed his complaint, for among other things, the illegal claw-back of commissions and failure to pay overtime wages on March 18, 2024.  Defendants answered on April 19, 2024.   [*See* Declaration of David A. Tashroudian ("<u>Tashroudian Decl.</u>"), ¶ 2.]

Plaintiff served his first set of written discovery requests on July 23, 2024 consisting of form interrogatories and inspection demands to the Defendants.  On August 23, 2024, Defendants' counsel Michael Witczak asked for a three week extension to respond to the discovery requests.  Plaintiff's counsel granted the request.  [Tashroudian Decl., ¶ 3.]

-1-

On September 13, 2024, Defendants' counsel again requested an extension to respond to the first set of discovery.  Plaintiff's counsel granted this second request too, setting the response date as September 30, 2024.  Counsel asked for another extension, which was also granted, and the Defendants finally responded to the first set of discovery and produced documents on October 16, 2024.  [Tashroudian Decl., ¶ 4.]

Counsel for the parties thereafter met and conferred regarding the production from December 2024 through April 2025 particularly regarding Inspection Demand No. 38 to the employer asking for documents relating to the calculation of Plaintiff's commission.  During the meet and confer process, counsel for Defendants indicated that its client could not find instances where Plaintiff's commission was clawed-back.  In January 2025, counsel for Plaintiff identified specific instances where Plaintiff's commission was so adjusted to help Defendants find responsive documents.  Defendants' counsel told Plaintiff's counsel in February 2025 that Defendants had made progress in finding documents/information responsive to Inspection Demand No. 38.  Counsel further met and conferred by phone in March 2025 regarding the production.  Ultimately, Defendants produced 1700 pages showing how Plaintiff's commission was calculated on April 16, 2025 and again on May 2, 2025.  [Tashroudian Decl., ¶ 5.]

The documents produced by Defendants on April 16 and May 2 show for the first time how Plaintiff's commission was calculated and how much of his commission was clawed-back. The documents show that Plaintiff earned commission on 4,945 sales transactions and the employer clawed back commissions in the amount of $95,491.97 from 1,646 of those transactions. [Tashroudian Decl., ¶ 6.]

On May 21, 2025, Plaintiff served defendant CH Robinson by electronic service with a notice of deposition demanding that that the person most qualified to testify to the topics specified in the notice to appear for deposition on July 23, 2025.  On May 22, 2025, Plaintiff served CH Robinson by personal service with notices of deposition of its employees and individual defendant Adam Kotewa for July 11, 2025.  At the time of the notices were served for the individual deponents, counsel for the Defendants indicated that the individuals would not be available for deposition as noticed.  [Tashroudian Decl., ¶ 7.]

-2-

III.    **ARGUMENT**

This Court should not set a hearing for Defendants' motion for summary judgment until the depositions noticed on May 21 and May 22 have been completed and the transcripts have been prepared.

Plaintiff duly noticed the deposition of defendant CH Robinson's person most qualified for July 23, 2025 and he noticed the deposition of his three supervisors at CH Robinson for July 11, 2025.  The deposition notices comply with the notice requirements of California Code of Civil Procedure section 2025.270(a).  These depositions are necessary to oppose Defendants' motion for summary judgment because the entity deponents and the natural person deponents have evidence regarding the hours worked and the computation of Plaintiff's commission.

Plaintiff may apply to this Court for a continuance of the summary judgment hearing date to obtain discovery of facts necessary to oppose the motion.  (*See* Cal. Code Civ. Proc. § 437c(h); *see also* Dee v. Vintage Petroleum, Inc. (2003) 106 Cal. App. 4th 30, 34 (where the court held that it is not necessary to show that essential evidence does exist, but only that it *may* exist).)  Here, Plaintiff has timely sought discovery of essential facts to oppose the motion for summary judgment.  The oral discovery of CH Robinson's person most qualified on the issue of the calculation of Plaintiff's commission is necessary to oppose the Defendants' motion for summary judgment on the count.  The individual deponents' depositions are also necessary to oppose the summary judgment motion regarding Plaintiff's overtime count as those deponents have information regarding the requirements of the job and Plaintiff's actual work hours.  And the deposition of Adam Kotewa is necessary to establish his liability under California Labor Code section 558.1.  Again, all of these depositions were duly noticed for well in advance of Plaintiff's opposition date if the motion is set for hearing on August 8, 2025.  But the Defendants have not agreed to produce the deponents as noticed – indeed, they have indicated that they will not do so.  Plaintiff will be prejudiced if these depositions do not take place prior to his opposition due date.  For this reason, the Court should not set a hearing date until the depositions have been completed.

///

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court defer setting a hearing date on Defendants' anticipated motion for summary judgment until Plaintiff has had the opportunity to complete essential discovery. Plaintiff has diligently noticed the depositions of CH Robinson's person most qualified and three key supervisors whose testimony is directly relevant to the claims and defenses at issue. Without this discovery, Plaintiff cannot fully present facts essential to justify opposition to Defendants' motion, as required by <u>Code of Civil Procedure</u> section 437c(h).

Plaintiff therefore asks the Court to exercise its discretion to allow discovery to be completed before proceeding with summary judgment proceedings, in the interest of fairness and judicial efficiency.

Respectfully submitted,

Dated: May 28, 2025                             TASHROUDIAN LAW GROUP, APC

By: _____
David A. Tashroudian
Mona Tashroudian
Attorneys for Plaintiff
Chase Turner

-4-

## DECLARATION OF DAVID A. TASHROUDIAN

I, David Tashroudian, declare:

1.      I am presently the attorney for Chaser Turner the Plaintiff in this action.  I make this declaration in support of Plaintiff's opposition to Defendants' *ex parte* application to set the motion for summary judgment date.  I make this declaration based on facts know to me personally to be true and if called as a witness to testify to these facts, I could and would do so.

2.      Plaintiff filed his complaint, for among other things, the illegal claw-back of commissions on March 18, 2024.  Defendants answered on April 19, 2024.

3.      Plaintiff served his first set of written discovery requests on July 23, 2024 consisting of form interrogatories and inspection demands to the Defendants.  On August 23, 2024, Defendants' counsel Michael Witczak asked for a three week extension to respond to the discovery requests.  I granted the request.

4.      On September 13, 2024, Defendants' counsel again requested an extension to respond to the first set of discovery.  I granted this second request too, setting the response date as September 30, 2024.  Counsel asked for another extension, which was also granted, and the Defendants finally responded to the first set of discovery and produced documents on October 16, 2024.

5.      I met and conferred with Mr. Witczak regarding the production from December 2024 through April 2025, particularly regarding Inspection Demand No. 38 to the employer asking for documents relating to the calculation of Plaintiff's commission.  During the meet and confer process, Mr. Witczak told me that his client could not find instances where Plaintiff's commission was clawed-back.  In January 2025, to help, I identified specific instances where Plaintiff's commission was so adjusted to help Defendants find responsive documents.  Mr. Witczak indicated in February 2025 that Defendant had made progress in finding documents/information responsive to Inspection Demand No. 38.  We further met and conferred by phone in March 2025 regarding the production.  Ultimately, Defendants produced 1700 pages of documents showing how Plaintiff's commission was calculated on April 16, 2025 and again on May 2, 2025.

-5-

6.    The documents produced by Defendants on April 16 and May 2 showed for the first time how Plaintiff's commission was calculated and how much of his commission was clawed-back.  The documents show that Plaintiff earned commission on 4,945 sales transactions and the employer clawed back commissions in the amount of $95,491.97 from 1,646 of those transactions.

7.    On May 21, 2025, I served defendant CH Robinson by electronic service with a notice of deposition demanding that that the person most qualified to testify to the topics specified in the notice to appear for deposition on July 23, 2025.  On May 22, 2025, I served CH Robinson by personal service with notices of deposition of its employees and individual defendant Adam Kotewa for July 11, 2025.  Service was made at Plaintiff's in-person deposition. At the time of the notices were served for the individual deponents, counsel for the Defendants Mark Wallen told me that the individuals would not be available for deposition as noticed.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on May 28, 2025 at Los Angeles, CA.

_____
David A. Tashroudian

-6-

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action.  My business address is 12400 Ventura Blvd., Ste. 300, Studio City, CA 91604

On May 28, 2025, I served the following documents on the persons listed below, as follows:

**PLAINTIFF CHASE TURNER'S OPPOSITION TO *EX PARTE* APPLICATION; DECLARATION OF DAVID A. TASHROUDIAN IN SUPPORT**

### SEE ATTACHED LIST

☐ **By United States mail:**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Sherman Oaks, CA.

☐ **By overnight delivery:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service:**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ **By E-mail transmission:**  the document was served via Email transmission to the Email accounts listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 28, 2025, at Studio City, CA.

_____
David Tashroudian

-7-

**SERVICE LIST**
*Chase Turner v. CH Robinson Company, Inc.; Adam Kotewa*
Civil Action No. 30-2024-01387308-CU-OE-CJC

Mark Wallin, Esq.                                Attorneys for Defendants
Michael Witczak, Esq.                            CH Robinson Company, Inc., Adam Kotewa
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
(310) 284-3880
mwallin@btlaw.com
Michael.witczak@btlaw.com

-8-
OPPOSITION TO *EX PARTE* APPLICATION

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/29/2025

TIME: 08:33:00 AM        DEPT:  C28

JUDICIAL OFFICER PRESIDING: Thomas S McConville
CLERK: B. Sadorra
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2024-01387308-CU-OE-CJC**    CASE INIT.DATE: 03/18/2024
CASE TITLE: **Turner vs. CH Robinson Company, Inc.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 74574262
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

Ex-Parte application for an order advancing the hearing date for defendants' motion for summary judgment is requested by Defendants CH Robinson Company, Inc. and Adam Kotewa.

The Court having reviewed the moving papers and opposition thereto, advances the ex parte application and rules as follows:

Ex parte application is GRANTED in part, as follows:

The Motion for Summary Judgment and/or Adjudication currently set on 09/08/2025 is ordered advanced to 08/04/2025 at 02:00 PM in C28.

The motion for summary judgment appears to have been timely filed.  CCP 437c (a).

The Court finds good cause to set the hearing 28 days before the September 8, 2025 trial, as the Court hears its law and motion matters on Mondays, and any other Monday would not give plaintiff's the requisite time to respond to the motion.  CCP 437c (a)(3).

If plaintiff believes additional time is necessary to conduct discovery to respond to the motion, plaintiff can seek that relief at the appropriate time.  The Court has not considered the merits of any such request.

The Ex Parte set for 05/29/2025 at 01:30 P.M. in Department C28 is vacated.

The formal order was signed this date.

Court orders Clerk to give notice.

DATE: 05/29/2025
DEPT:  C28

MINUTE ORDER

Page 1

Calendar No.

MARK W. WALLIN (SBN 331915)
mwallin@btlaw.com
MICHAEL WITCZAK (SBN 329960)
michael.witczak@btlaw.com
LUCY M. BERTINO (SBN 325254)
lucy.bertino@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:    (310) 284-3880
Facsimile:    (310) 284-3894

Attorneys for Defendants
CH Robinson Company, Inc.; Adam Kotewa

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

MAY 2 9 2025

DAVID H. YAMASAKI, Clerk of the Court

BY:____B. SADORRA____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

CHASE TURNER, an individual,

Plaintiff,

v.

CH ROBINSON COMPANY, INC., a Minnesota Corporation; ADAM KOTEWA, an individual; and DOES 1 to 20, inclusive, ,

Defendants.

Case No. 30-2024-01387308-CU-OE-CJC

*[Assigned for All Purposes to the Honorable Thomas McConville, Dept. C28]*

**[PROPOSED] ORDER GRANTING** IN PART **DEFENDANTS CH ROBINSON COMPANY, INC., AND ADAM KOTEWA'S EX PARTE APPLICATION FOR AN ORDER ADVANCING THE HEARING DATE FOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*[Filed Concurrently with Ex Parte Application and Declaration of Mark W. Wallin]*

Date:    May 29, 2025
Time:    1:30 p.m.
Judge:   Hon. Thomas McConville
Dept.:   C28

Complaint Filed:   March 18, 2024
Trial Date:        September 8, 2025

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

~~DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT~~

On May 29, 2025, at ~~1:30 p.m., or as soon thereafter as the matter was able to be heard~~ in Department C28 of the above-entitled Court, Defendants CH Robinson Company, Inc., and Adam Kotewa's ("Defendants") Ex Parte Application for an Order Advancing the Hearing Date for Defendants' Motion for Summary Judgment (the "Ex Parte Application") came on for ~~hearing~~ *Consideration*.

The Court, having considered Defendants' Ex Parte Application, the Memorandum of Points and Authorities in support thereof, the Declaration of Mark W. Wallin and exhibits thereto, any opposing papers, ~~as well as any arguments of counsel~~, hereby finds that good causes exists and GRANTS Defendants' Ex Parte Application, *in part as follows:*

**IT IS HEREBY ORDERED THAT:**

1.    The hearing date for Defendants' Motion for Summary Judgment, which was previously scheduled for September 8, 2025, is hereby advanced to August 8, 2025. *at 2:00pm in Dept C28.* ~~The hearing for Defendants' Motion for Summary Judgment will take place on September 8, 2025 at 1:30 PM.~~

*The motion for summary judgment appears to have been timely filed. CCP 437c(a). The court finds good cause to set the hearing 28 days before the September 8, 2025 trial, ~~and~~ as the court hears its law and motion matters on Mondays, and any other Monday would not give plaintiff's the requisite time to respond to the motion. CCP 437c(a)(3).*

IT IS SO ORDERED.

Dated: __MAY 29__, 2025

_____
Hon. Thomas McConville
Judge of the Superior Court

*If plaintiff believes additional time is necessary to conduct discovery to respond to the motion, plaintiff can seek that relief at the appropriate time. The Court has not considered the merits of any such request.*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Turner vs. CH Robinson Company, Inc.

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2024-01387308-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 05/29/25, Order – Other dated 05/29/25, was transmitted electronically by an Orange County Superior Court email server on May 29, 2025, at 9:16:09 AM PDT. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

BARNES & THORNBURG LLP
MICHAEL.WITCZAK@BTLAW.COM

BARNES & THORNBURG LLP
MWALLIN@BTLAW.COM

TASHROUDIAN LAW GROUP, APC
DAVID@TASHLAWGROUP.COM

TASHROUDIAN LAW GROUP, APC
MONA@TASHLAWGROUP.COM

Clerk of the Court, by: _____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                     Code of Civ. Procedure , § CCP1013(a)