David A. Tashroudian [SBN 266718]
Mona Tashroudian [SBN 272387]
TASHROUDIAN LAW GROUP, APC
12400 Ventura Blvd, Ste. 300
Studio City, CA 91604
Telephone: (818) 561-7381
Facsimile: (818) 561-7381
Email: david@tashlawgroup.com
mona@tashlawgroup.com

Attorneys for plaintiff Chase Turner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE TURNER, an individual,<br><br>PLAINTIFF<br>v.<br><br>CH ROBINSON COMPANY, INC., a Minnesota Corporation; and DOES 1 to 20, inclusive,<br><br>DEFENDANTS | Case No. 8:25-cv-01617-MRA-DFM<br><br>Hon. Monica Ramirez Almadani<br>Courtroom 9B<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO ORANGE COUNTY SUPERIOR COURT; REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>[*Filed concurrently with: (1) Declaration of David A. Tashroudian; and, (2) [PROPOSED] Order*]<br><br>HEARING<br>Date: October 6, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 9B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 6, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Monica Ramirez Almadani in Courtroom 9B of the United States District Court, Central District of California, located at the Ronald Reagan Building & U.S. Courthouse, 411 W. Fourth Street, Santa Ana, CA 92701, plaintiff Chase Turner ("Plaintiff") will, and hereby does, move this Court for an order remanding this action to the Superior Court of California, County of Orange, pursuant to 28 U.S.C. § 1447(c).

Plaintiff further moves this Court for an award of attorneys' fees and costs in the amount of $9,750.00 incurred as a result of the improper removal of CH Robinson Company, Inc. ("Defendant" or "CH Robinson") pursuant to 28 U.S.C. § 1447(c).

This motion is made on the grounds that Defendant's removal was improper under 28 U.S.C. § 1446(c)(1). Plaintiff did not act in bad faith in naming and later dismissing Adam Kotewa; rather, Plaintiff actively litigated against him for over a year, and dismissal was based on reasonable litigation strategy and in exchange for a waiver of costs. Defendant's removal, brought more than sixteen months after the action commenced, was objectively unreasonable and sought to circumvent adverse rulings of the Orange County Superior Court, including the denial of Defendant's request to continue trial and related dates.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David A. Tashroudian and attached exhibits, the pleadings and papers on file in this action, and upon such further oral and documentary evidence as may be presented at the hearing of this matter.

///

///

///

///

.

Respectfully submitted,

Dated: August 21, 2025

TASHROUDIAN LAW GROUP, APC

By: ______________________

David Tashroudian, Esq.
Mona Tashroudian, Esq.
Attorneys for Plaintiff Chase Turner

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This case was properly filed in the Superior Court of California, County of Orange, against defendant CH Robinson and its manager, Adam Kotewa (with CH Robinson the "Defendants" for the purpose of this Motion), alleging wage and hour violations under California law. Plaintiff actively litigated against both defendants for over a year, serving discovery, obtaining written responses, and taking Mr. Kotewa's deposition. After full discovery and careful assessment of the evidence and trial strategy, Plaintiff dismissed Mr. Kotewa in exchange for a waiver of costs and fees pursuant to stipulation and order entered by the superior court.

Despite this record of active litigation and the legitimate, strategic basis for Mr. Kotewa's dismissal, CH Robinson attempted to remove the case to federal court more than sixteen months after it was filed which is well beyond the one-year limit in 28 U.S.C. § 1446(c)(1). CH Robinson's removal rests entirely on the flawed assertion that Plaintiff acted in "bad faith" to prevent removal, an argument wholly unsupported by fact or law. As the district courts within the Ninth Circuit have repeatedly emphasized, there is a strong presumption against removal jurisdiction, and the burden rests squarely on the removing party to establish that removal is proper. Defendants cannot meet that burden here.

Because Plaintiff named Mr. Kotewa at the outset of the case, actively litigated against him for more than a year, and dismissed him only after discovery and sound trial strategy considerations, there is no basis for finding bad faith under § 1446(c)(1). Defendants' removal was objectively unreasonable and has forced Plaintiff to expend unnecessary resources to secure remand. Accordingly, the Court should remand this action to the Orange County Superior Court and award Plaintiff his attorneys' fees and costs of $9,750.00 pursuant to 28 U.S.C. § 1447(c).

///

///

## II. FACTS

Plaintiff filed his complaint in the Superior Court for the State of California, County of Orange against defendants CH Robinson, Inc. and Adam Kotewa on March 18, 2024 (the "Complaint"). [*See* Declaration of David A. Tashroudian ("Tashroudian Decl.,"), ¶ 2, Exh. A.] Plaintiff's Complaint alleges, in the first and second causes of action, wage and hour violations stemming from CH Robinson's illegal claw-back of commissions and its policy of requiring Plaintiff to work overtime without compensation. Plaintiff goes on to allege in paragraph 28 of his complaint that Mr. Kotewa set Plaintiff's wages and work hours which caused him to work overtime without compensation thereby exposing Mr. Kotewa to personal liability for the wage and hour violations pursuant to California *Labor Code* section 558.1.

Defendants answered Plaintiff's Complaint on April 19, 2024, and did not otherwise challenge the sufficiency of the pleading as to Mr. Kotewa or attempt to remove the matter to federal court. The superior court set trial in the matter for September 8, 2025. [Tashroudian Decl., ¶ 4.]

Plaintiff served written discovery on Mr. Kotewa on July 23, 2024 in the form of requests for production of documents and form interrogatories. [Tashroudian Decl., ¶ 5.] Mr. Kotewa served his responses to Plaintiff's written discovery on October 14, 2024. [Id.] Plaintiff noticed and took Mr. Kotewa's oral deposition on July 10, 2025. [Id. at ¶ 6.]

At the conclusion of Mr. Kotewa's deposition, counsel for the parties met and conferred, and Plaintiff's counsel offered to dismiss Mr. Kotewa from the action in exchange for, among other things, a waiver of costs and fees. [Tashroudian Decl., ¶ 7.] Plaintiff and Mr. Kotewa agreed to dismiss Mr. Kotewa in exchange for a waiver of costs and fees by way of a stipulation and order which was entered by the judge presiding over the superior court action on July 22, 2025. [Id. at ¶ 8.]

Defendants moved for summary judgment of Plaintiff's claims on May 19,

2025 with the motion scheduled to be heard on August 11, 2025. [Tashroudian Decl., ¶ 9.] Plaintiff timely opposed the motion on July 22, 2025. [Id. at ¶ 10.]

Prior to filing the summary judgment motion, Defendants applied to the superior court *ex parte* on May 19, 2025 for an order continuing the trial and all related dates (including the summary judgment deadline) in order to obtain discovery they claim was needed to support their summary judgment motion – Plaintiff opposed the application. [Id. at ¶ 11.] The superior court denied the application on the grounds that the application did not make a sufficient showing of irreparable harm or immediate danger and that "Defendants have also not demonstrated sufficient diligence in pursuing the referenced discovery." [Id. at ¶ 12, Exh. B]

## III. ARGUMENT

### A. Legal Standard

A diversity case where the initial pleading is not removable "may not be removed more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Although section 1446(c)(1) prevents a plaintiff from acting in bad faith to avoid federal jurisdiction, "it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 998-99 (9th Cir. 2007). Accordingly, courts strictly construe a defendant's ability to remove a case from state court to federal court. See *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper."). Indeed, there is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

The Ninth Circuit has yet to address the applicable standard for the bad faith

exception under section 1446(c), but lower courts have held that it sets a high threshold. *Heller v. American States Insurance Company*, 2016 WL 1170891, at *2 (C.D. Cal., Mar. 25, 2016; see also *McKenrick v. Evanston Insurance Company*, 2025 WL 980147, at *2 (C.D. Cal., Apr. 1, 2025) ("The Ninth Circuit has not yet articulated a standard for evaluating "bad faith" under Section 1446(c)(1), but lower courts generally have found that it sets a high threshold."); see also *Escalante v. Burlington Nat. Indem., Ltd.*, 2014 WL 6670002, at *3 (C.D. Cal., Nov. 24, 2014) (In the context of awarding sanctions, the Ninth Circuit has determined that bad faith "carries with it a high threshold and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings.")

In determining whether a plaintiff acted in bad faith, courts in the Central District "have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in 'any capacity' against a non-diverse defendant before dismissal." *Torres v. Honeywell, Inc.*, 2021 WL 259439, at *3 (C.D. Cal., Jan. 25, 2021); see also *Theno v. Abbott Laboratories*, 2025 WL 1706905, at *2 (C.D. Cal., June 17, 2025) ("District courts have considered three common factors to assess whether the bad faith exception applies: (1) the timing of naming a non-diverse defendant; (2) the timing of dismissal, and (3) the explanation given for that dismissal."); see also *Alvarez v. FCA US, LLC*, 2022 WL 2188386, at *2 (C.D. Cal., June 17, 2022) ("Courts within the Ninth Circuit generally consider three factors in evaluating whether a plaintiff acted in bad faith: (1) the timing of naming and dismissing the non-diverse defendant, (2) the explanation given for dismissal, and (3) whether the plaintiff actively litigated the case in 'any capacity' against the non-diverse defendant").

Conversely, "[g]ood faith may be presumed where the plaintiff has actively litigated against the defendant whose presence would preclude diversity jurisdiction." *Kennedy v. United States Liability Insurance Company*, 2023 WL

170547, at *9 (C.D. Cal., Jan. 12, 2023); see also *Ramirez v. Samsung Elecs. Am., Inc.*, 2019 WL 4033935, at *3 (C.D. Cal., Aug. 26, 2019) ("good faith is presumed" where plaintiff has "actively litigated against" the non-diverse party).

B. The timing of naming Adam Kotewa as a defendant weighs against bad faith.

Courts have held that the fact a non-diverse defendant was named at the outset or litigation, as opposed to being named in response to a motion to remand, is a factor that weighs against a finding of bad faith. See *Kalfsbeek Charter v. FCA US, LLC*, 540 F.Supp.3d 939, 944 (C.D. Cal. 2021) ("But other factors weigh against a finding of bad faith. First, [the non-diverse defendant] was named as a defendant from the outset of the case."); see also *Herrington v. Nature Conservancy*, 2021 WL 942749, at *6 (C.D. Cal., Mar. 11, 2021 ("As to the first factor, Plaintiff did not add [defendant] as a non-diverse defendant in response to [defendant's] attempt to remove the case to federal court, but instead included [non-diverse] as a defendant in her initial Complaint…This factor thus favors remand.").

Plaintiff named Mr. Kotewa at the outset of this litigation and in his initial Complaint filed with the superior court. He did not name Mr. Kotewa in an amended pleading after the matter was removed to federal court to destroy diversity. Accordingly, the timing of naming Mr. Kotewa militates against a bad faith finding.

C. The timing of dismissing Adam Kotewa as a defendant weighs against bad faith.

The "timing of Plaintiff's dismissal [of the non-diverse defendant] is insufficient, on its own, to indicate bad faith." *Anderson v. FCA US LLC,* 2021 WL 2822398, at *3 (C.D. Cal., July 6, 2021) (dismissal after 16 months not bad faith). In addition, district Courts in the Ninth Circuit have held that the voluntary dismissal of a non-diverse defendant months, or even days, after the expiration of the one year time limit for removal does not show bad faith. See *Somera Capital Management, LLC v. Twin City Fire Insurance Company*, 2020 WL 3497400, at *2 (C.D. Cal., June

29, 2020) (dismissal after 17 months not bad faith); see also *Kolova v. Allstate Insurance Company*, 438 F.Supp.3d 1192, 1197 (W.D. Wash. 2020) (dismissal after 18 months not bad faith); see also *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *5 (E.D. Cal., Apr. 28, 2014) (dismissal after 15 months not bad faith); see also *Kalfsbeek Charter*, supra, 2021 WL 1998241, at *3 (finding no bad faith despite the plaintiff's dismissal of the non-diverse defendant only five days after the one-year limitation); see also *Hamilton San Diego Apartments, LP v. RBC Cap. Markets*, *LLC*, 2014 WL 7175598, at *5 (S.D. Cal., Dec. 11, 2014) ("The Court finds that WNC's dismissal more than two months after the one-year limitation for removal expired is not indicative of bad faith.").

Here, Plaintiff dismissed Mr. Kotewa 16 months after the filing of his original complaint, and 48 days prior to the September 8, 2025 trial in the matter. Consistent with the findings of other courts in the Ninth Circuit, the timing of Mr. Kotewa's dismissal alone does not indicate Plaintiff acted in bad faith.

D. The explanation for Mr. Kotewa's dismissal weighs against bad faith.

Plaintiff's decision to dismiss Mr. Kotewa was not a tactical maneuver designed to frustrate federal jurisdiction, but rather the product of a careful litigation judgment following discovery and deposition testimony. Plaintiff actively litigated against Mr. Kotewa for over a year: serving written discovery, obtaining responses, and taking his deposition on July 10, 2025. Both Mr. Kotewa's own deposition testimony and his declaration submitted in support of Defendants' summary judgment motion, together with the testimony of Plaintiff's other manager, Thiago Wong, establish that Mr. Kotewa possessed authority over, and in fact implemented, CH Robinson's policies regarding Plaintiff's overtime. On this record, there was probable cause to assert claims against Mr. Kotewa individually pursuant to California *Labor Code* section 558.1. [Tashroudian Decl., ¶¶ 14-15.]

However, after observing Mr. Kotewa's demeanor at deposition, Plaintiff's counsel concluded that a jury in Orange County Superior Court was unlikely to

impose personal liability on him for CH Robinson's failure to pay overtime, notwithstanding the evidence of his authority and involvement. Exercising professional judgment, Plaintiff determined that the prudent course was to dismiss Mr. Kotewa in exchange for a waiver of costs and fees, rather than proceed against him at trial. In addition, Plaintiff made a strategic decision to streamline the case by focusing on the corporate defendant, whose liability was clearer and more substantial, in order to avoid jury confusion over how damages might be apportioned between defendants. By narrowing the issues and centering the trial on CH Robinson, Plaintiff sought to increase efficiency, shorten trial time, and present a cleaner case for the jury. The dismissal was therefore grounded in an evaluation of witness credibility, trial strategy, and litigation efficiency, not any intent to manipulate jurisdiction. [Tashroudian Decl., ¶ 16.]

Plaintiff's dismissal of Mr. Kotewa was also motivated by the practical consideration of avoiding potential liability for his litigation costs. Under California *Code of Civil Procedure* section 1032(b), a prevailing party is entitled as a matter of right to recover costs in any action or proceeding, except as otherwise expressly provided by statute. Had Mr. Kotewa prevailed on summary judgment or at trial, Plaintiff would have faced exposure to an award of his costs under section 1032. By negotiating a dismissal in exchange for a waiver of costs and fees, Plaintiff acted reasonably to mitigate risk and protect his own interests, while simultaneously narrowing the litigation to the party most directly responsible for the alleged wage and hour violations. [Tashroudian Decl., ¶ 17.] This strategic consideration, rooted in the operation of California law, further demonstrates that Plaintiff's dismissal of Mr. Kotewa was motivated by legitimate litigation strategy rather than any attempt to manipulate federal jurisdiction.

Courts in this Circuit have consistently held that when dismissal of a non-diverse defendant is based on legitimate strategic considerations arising from discovery, it weighs against a finding of bad faith. See *Torres*, supra, 2021 WL

259439, at *3 (finding dismissal reasonable where plaintiff determined another party was ultimately responsible for the incident); see also *Ramirez v. Samsung Elecs. Am., Inc.*, 2019 WL 4033935, at *2 (finding that plaintiff consenting to the dismissal of the non-diverse defendant after "discovery revealed that [the non-diverse defendant] was not involved in the design, manufacture, or distribution of the" product at issue in the case was reasonable). In *Ceja v. Mobile Products, Inc.*, 2025 WL 99809, at *5 (N.D. Cal. Jan. 15, 2025), the court rejected a bad faith argument where plaintiffs decided not to oppose summary judgment against a non-diverse defendant after discovery indicated another entity bore responsibility, emphasizing that the decision reflected "reasonable legal strategy, not bad faith." That is precisely the situation here: Plaintiff's dismissal of Mr. Kotewa was motivated by witness credibility, discovery, and trial strategy, not any improper attempt to manipulate jurisdiction.

E. Plaintiff should be awarded his attorneys fees.

When a case is remanded, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Importantly, a finding of bad faith is not required. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). The test is designed to deter removals "sought for the purpose of prolonging litigation and imposing costs on the opposing party" without undermining Congress' general policy of allowing removal when proper. *Id.*

Here, Defendants' removal theory lacked any objectively reasonable basis. Plaintiff named Mr. Kotewa at the outset, actively litigated against him for more than a year, and dismissed him only after written discovery, deposition, and careful trial strategy considerations – including the waiver of costs under California Code of Civil

Procedure § 1032. As the cases cited herein have recognized, such an explanation for dismissal is both legitimate and reasonable. Defendants nevertheless attempted to remove this case more than 16 months after it was filed, invoking § 1446(c)(1) on a ground wholly unsupported by fact or law.

Moreover, Defendants sought removal for the improper purpose of circumventing the superior court's prior rulings. Just weeks before removal, Defendants applied ex parte for an order continuing the trial and all related dates – including their looming summary judgment deadline – on the grounds that they needed more discovery. The superior court expressly denied that request, finding that Defendants had failed to show irreparable harm, immediate danger, or diligence in pursuing discovery. Through removal, however, Defendants accomplished what the superior court had forbidden: the trial date was vacated, and their defective summary judgment motion was effectively continued and they tried to get a second bite of the apple for summary judgment in this Court. This procedural gamesmanship underscores that removal was not only legally baseless but strategically abusive, designed to delay adjudication and burden Plaintiff with additional expense.

The Northern District has expressly recognized that where a defendant removes a case without an objectively reasonable basis, an award of attorneys' fees is proper. See *Angus v. John Crane Inc.*, 2016 WL 4423379, at *2 (N.D. Cal. Aug. 22, 2016) (awarding fees under § 1447(c) because defendant's removal argument was "so flawed as to be objectively unreasonable"). The same conclusion is warranted here. Defendants' removal was plainly defective, and it forced Plaintiff to incur unnecessary expense in opposing it.

Accordingly, Plaintiff respectfully requests an award of attorneys' fees and costs in the amount of $9,750.00 incurred in seeking remand, pursuant to 28 U.S.C. § 1447(c). [Tashroudian Decl., ¶¶ 18-20.]

///

///

## IV. CONCLUSION

Taken together, all three factors weigh decisively against a finding of bad faith. Plaintiff named Mr. Kotewa in the original complaint—not as a post-removal tactic, but because discovery and testimony supported claims against him. Plaintiff actively litigated those claims for more than a year, including written discovery and deposition. The timing of his dismissal – 16 months after filing the complaint and only weeks before trial – falls squarely within the range courts in this Circuit have found consistent with good faith litigation strategy. Finally, the explanation for dismissal is both reasonable and credible: although the record contained evidence that Mr. Kotewa had authority over Plaintiff's overtime, Plaintiff's counsel reasonably determined, based on Mr. Kotewa's demeanor at deposition and trial considerations, that pursuing claims against him was unlikely to succeed.

This explanation is no different from those found adequate by the cases cited by Plaintiff – each of which rejected bad faith arguments where plaintiffs dismissed non-diverse defendants after discovery clarified liability. In short, Plaintiff's decision was motivated by legitimate litigation strategy, not jurisdictional gamesmanship. Because there is a strong presumption against removal jurisdiction, and Defendants cannot carry their heavy burden under § 1446(c)(1), the Court should find that Plaintiff acted in good faith and remand the action to state court.

Respectfully submitted,

Dated: August 21, 2025

TASHROUDIAN LAW GROUP, APC

By: ______________________

David Tashroudian, Esq.
Mona Tashroudian, Esq.
Attorneys for Plaintiff Chase Turner

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for plaintiff Chase Turner, certifies that this brief contains 3215 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: August 21, 2025

TASHROUDIAN LAW GROUP, APC

By: ______________________________

David Tashroudian, Esq.
Mona Tashroudian, Esq.
Attorneys for Plaintiff Chase Turner

**PROOF OF SERVICE**

At the time of service I was over 18 years of age and not a party to this action. My business address is 12400 Ventura Blvd., Ste. 300, Studio City, CA 91604

On August 21, 2025, I served the following documents on the persons listed below, as follows:

**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO ORANGE COUNTY SUPERIOR COURT; REQUEST FOR ATTORNEYS' FEES AND COSTS**

**SEE ATTACHED LIST**

[ ] **By United States mail:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, CA.

[ ] **By overnight delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] **By messenger service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

[X] **By E-mail transmission:** the document was served via Email transmission to the Email accounts listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 21, 2025, at Studio City, CA.

David Tashroudian

**SERVICE LIST**

*Chase Turner v. CH Robinson Company, Inc.; Adam Kotewa*
Civil Action No. 30-2024-01387308-CU-OE-CJC

Mark Wallin, Esq.
Michael Witczak, Esq.
BARNES & THORNBURG LLP
2029 Century Park East
Suite 300
Los Angeles, CA 90067
(310) 284-3880
mwallin@btlaw.com
Michael.witczak@btlaw.com

Attorneys for Defendants
CH Robinson Company, Inc., Adam Kotewa