UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9] AND REMANDING MATTER TO STATE COURT**

Before the Court is Plaintiff's Motion to Remand to the Orange County Superior Court and Request for Attorneys' Fees and Costs. ECF 9. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The Court therefore **VACATES** the October 6, 2025, hearing. For the reasons stated herein, the Court **GRANTS** the Motion to Remand and **DENIES** Plaintiff's Request for Fees.

## I.   BACKGROUND

### A.   State Court Proceedings

On March 18, 2024, Plaintiff Chase Turner ("Plaintiff"), a citizen of California, filed a Complaint against Defendant C.H. Robinson Company, Inc., ("Defendant" or "C.H. Robinson"), a citizen of Minnesota. ECF 10-1. Plaintiff's original complaint also named Adam Kotewa, an individual and California resident, as a defendant. *Id.* Plaintiff's complaint asserted claims for: (1) failure to pay wages, (2) failure to pay minimum wage, (3) failure to provide accurate wage statements, (4) waiting time penalties, and (5) unfair competition. *Id.* Plaintiff alleged that Mr. Kotewa was a managing agent of C.H. Robinson who set Plaintiff's wages and work hours. ECF 10-1 ¶ 18.

Defendant answered Plaintiff's complaint on April 19, 2024. ECF 10 ¶ 4. Discovery then commenced in the state court proceedings. Plaintiff served requests for production and form interrogatories on Mr. Kotewa on July 23, 2025, and Mr. Kotewa served responses on October 14, 2024. *Id.* ¶ 5. After the court denied Defendant's ex parte request to continue trial dates and deadlines, Defendant moved for summary judgment on May 19, 2025, arguing in part that Mr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

Kotewa was not its managing agent. ECF 11-1 ¶ 15; ECF 11-6.

Plaintiff took Mr. Kotewa's oral deposition on July 10, 2025. *Id.* ¶ 6; ECF 11-1 ¶ 8. Plaintiff and Mr. Kotewa then entered a stipulation to dismiss Mr. Kotewa from the action, which the court approved on July 22, 2025. ECF 10 ¶ 8; ECF 103.

### B. Defendant's Removal

Defendant filed its Notice of Removal on July 24, 2025, based on diversity jurisdiction, stating that Plaintiff is a citizen of California, Defendant is a citizen of Minnesota, and the amount in controversy exceeds $75,000. ECF 1. Defendant's Notice contended that removal was not barred by the one-year limit prescribed by 28 U.S.C. § 1446(c) because Mr. Kotewa (a non-diverse defendant) was named in Plaintiff's complaint in bad faith solely to prevent removal. *Id.* at 3.

Plaintiff filed a Motion to Remand on August 21, 2025. ECF 9. Defendant opposed. ECF 11. Plaintiff replied. ECF 12.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Generally, removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). The removal statute is strictly construed. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The removing defendant bears the burden of establishing by a preponderance of the evidence that removal is proper. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Gaus*, 980 F.2d at 566–67.

Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). A case may not be removed based on diversity jurisdiction more than one year after commencement of the action "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1). "Thus, a case that becomes removable sometime after the commencement of the action is barred by a procedural one-year limitation, which 'can be excused upon a showing of bad faith.'" *Herrington v. Nature Conservancy*, No. CV 21-240-GW-GJSX, 2021 WL 942749, at *2 (C.D. Cal. Mar. 11, 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

(citing *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014) *report and recommendation adopted*, 2014 WL 2619599 (E.D. Cal. June 6, 2014)). "The bad faith exception, as distinct from the doctrine of fraudulent joinder, applies to 'plaintiffs who joined—and then, after one year, dismissed—defendants [whom] they could keep in the suit, but that they did not want to keep in the suit, except as removal spoilers.'" *Somera Cap. Mgmt., LLC v. Twin City Fire Ins. Co.*, No. CV204277DMGMRWX, 2020 WL 3497400, at *2 (C.D. Cal. June 29, 2020) (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014)). "Determining whether plaintiffs have acted in bad faith to prevent removal necessarily involves looking into the plaintiffs' subjective intent, as the text of section [1446(c)(1)] strongly suggest[s] intentionality and purpose." *Herrington*, 2021 WL 942749, at *3 (quotation marks omitted).

### III.   DISCUSSION

#### A.   Motion to Remand

The parties do not dispute that complete diversity of citizenship exists, that the amount in controversy in this matter is satisfied, or that Defendant filed its July 24, 2025, Notice of Removal within 30 days after the dismissal of Mr. Kotewa, the defendant destroying diversity. Plaintiff argues that the Court should remand the matter because Defendant has failed to show that Plaintiff acted in bad faith to prevent removal, and Defendant's Notice of Removal based on diversity jurisdiction, filed more than one year after the commencement of the action, was therefore untimely under 28 U.S.C. § 1446(c)(1). ECF 9 at 4. In response, Defendant argues that Plaintiff's allegations, the minimal discovery Plaintiff conducted, and the timing of Plaintiff's voluntary dismissal of Mr. Kotewa establish that Plaintiff named Mr. Kotewa in the original complaint for the sole purpose of avoiding removal. ECF 11 at 4.

The parties agree that the Ninth Circuit has not yet addressed the applicable standard for the bad faith exception under section 1446(c). ECF 9 at 6–7; ECF 11 at 8; *Herrington*, 2021 WL 942749, at *3. The parties part ways on precisely how to articulate the test applied by district courts within the Ninth Circuit.

Plaintiff points to cases from this district that cite the three-factor test articulated in *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849 (W.D. Wash. July 27, 2016). ECF 9 at 7. Under the *Heacock* test, courts consider "(1) the timing of naming a non-diverse defendant; (2) the timing of dismissal; and (3) the explanation given for that dismissal." *Theno v. Abbott Lab'ys*, No. CV 25-3700-DMG (PVCX), 2025 WL 1706905, at *2 (C.D. Cal. June 17, 2025). Plaintiff argues that each of these factors weigh against a finding of bad faith because Mr. Kotewa was named at the outset of the litigation in state court, the timing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

of the dismissal alone does not indicate bad faith, and Plaintiff ultimately decided to dismiss Mr. Kotewa for strategic litigation reasons, including because Plaintiff was able to observe Mr. Kotewa's demeanor during his deposition. ECF 9 at 8–10.

Defendant concedes that the three factors identified by Plaintiff are relevant, but it argues that they are not dispositive and that the Court must look instead to the "totality of the circumstances" to determine whether Mr. Kotewa was named in an act of strategic gamesmanship to avoid removal. ECF 11 at 8–9. Defendant references the two-step inquiry articulated under *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014). Under that test, the Court first considers "whether 'the plaintiff actively litigated against the removal spoiler in state court,' *i.e.*, whether the plaintiff engaged in activity such as 'asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera.'" *Herrington*, 2021 WL 942749, at *3 (quoting *Aguayo*, 59 F. Supp. 3d at 1262). Per *Aguayo*, the plaintiff's active litigation against the removal spoiler will create a rebuttable presumption of good faith, which the defendant may attempt to rebut "by introducing evidence already in the defendant's possession to establish that, 'despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court.'" *Id.* (quoting *Aguayo*, 59 F. Supp. 3d at 1262–63).

Reading *Heacock* and *Aguayo* together, the Court finds it appropriate in assessing bad faith to consider (1) when Mr. Kotewa was named in the complaint, (2) when Mr. Kotewa was dismissed, (3) Plaintiff's stated reasons for the dismissal, (4) the facial validity of Plaintiff's claims against Mr. Kotewa, and (5) whether Plaintiff actively litigated against Mr. Kotewa. The Court examines these factors to determine whether "plaintiff engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Heller v. Am. States Ins. Co.*, No. CV159771DMGJPRX, 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016).

First, the Court agrees that the timing of when Mr. Kotewa was named in the complaint does not indicate bad faith. *See Somera*, 2020 WL 3497400, at *2 (concluding that "while a plaintiff's decision to add a non-diverse defendant in response to a defendant's attempt to remove an action may be evidence of bad faith, that is not the case here" because plaintiff included the non-diverse defendant in the action from the outset); *Herrington*, 2021 WL 942749, at *6 (naming defendant in initial complaint weighed against bad faith).

Second, the timing of Mr. Kotewa's dismissal weighs slightly toward bad faith. Although Plaintiff cites several cases that support the proposition that dismissal shortly after the one-year time limit has lapsed does not, on its own, indicate bad faith, ECF 9 at 8–9, the delay itself is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

Defendant's only cause for suspicion. Defendants also point out that Mr. Kotewa's dismissal came on the heels of his deposition, which Plaintiff abruptly ended early, and two weeks before Plaintiff's opposition to Defendant's pending Motion for Summary Judgment was due. ECF 11 at 4. That timing is of particular significance, according to Defendants, because it evidences Plaintiff's disinterest in actively litigating against Mr. Kotewa. *Id.* at 17. The Court concludes that under these circumstances, this factor weighs minimally in favor of finding bad faith. *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943–44 (C.D. Cal. 2021) (finding dismissal one year and five days after filing case suggests bad faith retention of non-diverse defendant).

Third, Plaintiff's stated reason for dismissal is that, after observing Mr. Kotewa's demeanor at deposition, Plaintiff's counsel concluded a jury was unlikely to impose personal liability on him, notwithstanding the evidence of his involvement in Plaintiff's claimed violations, and that dismissing Mr. Kotewa enabled Plaintiff to present a cleaner case for the jury and focus on the corporate defendant's liability. ECF 9 at 9. Plaintiff also contends that had Mr. Kotewa prevailed at summary judgment or trial, he could have recovered litigation costs, so dismissing him avoided exposure to that liability. *Id.* at 10.

In response, Defendant argues that Plaintiff's explanations for Mr. Kotewa's dismissal are inconsistent and implausible. For example, Defendant points out that Plaintiff claims that information it obtained during discovery actually supports Mr. Kotewa's liability. ECF 11 at 23; ECF 9 at 9. That contention, according to Defendants, is directly at odds with Plaintiff's stated reason for voluntarily dismissing Mr. Kotewa to avoid an award of costs in Mr. Kotewa's favor.

The Court agrees that Plaintiff's inconsistent explanations on this score weigh in favor of finding bad faith. Plaintiff, on the one hand, insists that Mr. Kotewa's deposition confirmed the case of liability against Mr. Kotewa, but on the other hand posits that it was prudent to dismiss him to avoid having to pay him fees as the prevailing party. This contradiction plausibly indicates "strategic gamesmanship." *Heller*, 2016 WL 1170891, at *3.

Fourth, the Court is satisfied that Plaintiff had a "legally viable basis for bringing claims against [Mr. Kotewa]," which weighs against a finding of bad faith. *Kalfsbeek Charter*, 540 F. Supp. 3d at 944. Both parties devote significant space in their briefs to discussing the merits of Plaintiff's claims against Mr. Kotewa under California Labor Code § 558.1. ECF 11 at 10–15; ECF 12 at 2–6. The merits of Plaintiff's claims are relevant to the instant Motion only to the extent that they reflect "strategic gamesmanship" by Plaintiff. A facially frivolous claim could evince such gamesmanship, but the fact that Plaintiff's claims ultimately lacked legal or factual merit is not, on its own, indicative of bad faith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

Defendant argues that Plaintiff could not have ever intended to recover damages from Mr. Kotewa because California law would have required Defendant to reimburse Mr. Kotewa for any judgment he obtained. ECF 11 at 11–12. Defendant also cites to deposition testimony that purportedly undercuts any reasonable belief that Mr. Kotewa was, in fact, a managing agent responsible for controlling Plaintiff's wages and work schedule. *Id.* at 12–13. Plaintiff responds by pointing out contradictory testimony showing that there was a reasonable basis to impose liability on Mr. Kotewa as a managing agent under Section 558.1.

Section 558.1 allows employees to bring wage claims against "a natural person who is an owner, director, officer, or managing agent of the employer." *See* Cal. Labor Code § 558.1. Plaintiff here alleged that Mr. Kotewa was a managing agent of Defendant. ECF 1-1 ¶ 18. That Plaintiff's allegations may have been conclusory, or that the evidence was ultimately inconclusive on the truth of that allegation, is not sufficient to show that the claim was brought in bad faith. For example, in *Gonzalez v. Sheraton Operating Corp.*, No. CV208785DSFAGRX, 2020 WL 7042817 (C.D. Cal. Dec. 1, 2020), the court declined to find that an individual defendant was fraudulently joined for the purpose of preventing removal, reasoning that "whether an individual is a 'managing agent [under Section 558.1]' is a fact-intensive inquiry.'" *Id.* at *2. The Court finds that reasoning applicable here. Whether there are facts to support the allegation that Mr. Kotewa was a managing agent is a question not before the Court at this juncture, and the only relevant question is whether Plaintiff's naming of Mr. Kotewa as an individual defendant is so lacking in any factual or legal basis that it reflects Plaintiff's subjective intent to prevent removal. *See Herrington*, 2021 WL 942749, at *3. The Court is not persuaded that it is. The fact that Plaintiff had a legally viable basis for asserting claims against Mr. Kotewa weighs against finding bad faith. *Kalsbeek Charter*, 540 F. Supp. 3d at 944.

Finally, Plaintiff's active litigation against Mr. Kotewa weighs against finding bad faith. This factor imposes a "strict standard" on the party opposing remand and asks whether the "plaintiff failed to litigate a claim against a defendant *in any capacity*." *Id.* at 945 (quoting *Heacock*, 2016 WL 4009849, at *3). Plaintiff points out that he served discovery requests on Mr. Kotewa and took his deposition, which establish a presumption of good faith. ECF 9 at 7–8. Defendant, in response, points out that Plaintiff only served form interrogatories, and Plaintiff never met and conferred with Mr. Kotewa even though he served multiple objection-only responses. ECF 11 at 3.

Defendant's arguments about the motivations animating Plaintiff's litigation tactics are wholly speculative and insufficient to overcome the presumption of good faith established by Plaintiff's acts of active litigation. *See Somera*, 2020 WL 3497400, at *3. Defendant invites the Court, based on Plaintiff's decisions to pursue discovery in a certain manner, to infer that Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

did not have a "genuine interest[]" in litigating his claims against Mr. Kotewa. ECF 11 at 16. But a party's strategic choices as to how to engage in discovery and whether to focus on certain claims against certain adverse parties does not reflect bad faith. *Heacock*, 2016 WL 4009849, at *4 (recognizing strategic choices indicating that plaintiff intended diverse party to be the "primary defendant" did not rise to level of bad faith). This factor therefore cuts against bad faith, because "[c]ourts have interpreted the active litigation requirement broadly, finding bad faith only where the plaintiff has not litigated the claim 'in any capacity." *Alvarez v. FCA US, LLC*, No. 2:22-CV-02539, 2022 WL 2188386, at *3 (C.D. Cal. June 17, 2022).

Considering these factors together, the Court concludes that Defendant has not satisfied its "high burden to demonstrate that [Plaintiff] acted in bad faith to prevent removal." *Kalfsbeek Charter*, 540 F.Supp.3d at 943; *Heller*, 2016 WL 1170891, at *2 ("The removing party bears the burden of demonstrating that the plaintiff has acted in bad faith, particularly given the strong presumption against removal."). Thus, the removal of the case is barred by the one-year limitation on removal, 28 U.S.C. § 1446(c)(1), and Plaintiff's Motion to Remand is **GRANTED**.

B.  **Motion for Attorneys' Fees**

Plaintiff argues that an award of attorneys' fees is warranted because Defendant had no objectively reasonable basis for the removal of this case to federal court. ECF 9 at 11–12. The Court may award attorney fees under 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* Although the Court agrees with Plaintiff that remand is required, it does not agree that removal was objectively unreasonable, as some of the factors discussed above weighed against remand. Plaintiff's Request for Attorneys' Fees is therefore **DENIED**.

//

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-01617-MRA-DFM | Date | September 30, 2025 |
|---|---|---|---|
| Title | *Chase Turner v. CH Robinson Company, Inc. et al* | | |

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' Motion for Attorney's Fees.

The matter shall be remanded to Orange County Superior Court, Case Number 30-2024-01387308.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | mku |